UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SHERRY ROBIN ASAY-DEAN, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CAUSE NO.  3:09-cv-32-WTL-WGH ) |
| MEDICAL COSMETIC CENTER, LLC, et al., | ) ) |
| Defendants. | ) |

### ENTRY ON MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

This case is before the Court on the Defendants' motion seeking leave to file a third-party complaint against Alina D. Sholar, M.D.  The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

The Plaintiffs in this case allege that the Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them overtime during the course of their employment at a medical practice.  The Defendants allege that Dr. Sholar, the proposed third-party defendant, was a fifty-percent owner of the medical practice and was the actual employer of the Plaintiffs because they worked within her purview within the practice under her supervision.  The Defendants further allege that Dr. Sholar will be contractually obligated to indemnify the individual defendants in this case if they are found liable to the Plaintiffs for failing to pay overtime wages.

The Plaintiffs object to the Defendants' proposed third-party complaint on several grounds.  First, they point out that the Defendants "fail to cite any record evidence showing that Dr. Sholar is individually liable" under the FLSA.  That fact is irrelevant for two reasons.  First, the Defendants do not seek to assert an FLSA claim against Dr. Sholar, but rather a claim for indemnification.  Second, the Defendants are not required to provide evidence in support of their

third-party claim at this stage, but rather need only demonstrate that their claim is plausible. While the Court recognizes that the Plaintiffs have a different view of the evidence, the Court believes that the Defendants have asserted facts that, if ultimately determined to be true, demonstrate that their proposed claim against Dr. Sholar is at least plausible.

Next, the Plaintiffs point to the fact that the Court already has denied a motion by the Defendants to add Dr. Sholar as an indispensable party to this case. Clearly, however, the standard for whether she is an indispensable party is not the same as the standard for whether it is appropriate to permit the Defendants to assert a third-party complaint against her. Indeed, "[a]s long as a third-party action falls within the general contours limned by Rule 14(a), does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002) (citation omitted).

Finally, the Plaintiffs assert that the Defendants are simply trying to complicate and delay this case and that they would be prejudiced if the Defendants were permitted to assert a third-party complaint at this point in the case. In fact, however, there is currently no trial date set in this case and dispositive motions are not due for sixty days. Any delay caused by the third-party complaint should therefore be fairly minimal and will be outweighed by the judicial economy of having this entire dispute resolved in one action. Accordingly, the Defendants' motion is **GRANTED** and the third-party complaint (found at exhibit 1 to docket number 65) is **DEEMED FILED** as of this date.

SO ORDERED:  06/11/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification